FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHARON W.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 1:18-CV-03020-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 14. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## I. Jurisdiction

Plaintiff filed her application for Disability Insurance Benefits and her application for Supplemental Security Income on November 4, 2014. AR 300-13. Her alleged onset date of disability is March 28, 2014. AR 301, 308. Plaintiff's applications were initially denied on March 9, 2015, AR 178-90, and on reconsideration on May 19, 2015, AR 193-08.

A hearing with Administrative Law Judge ("ALJ") Wayne N. Araki occurred on February 17, 2017. AR 94-127. On April 18, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 41-50. The Appeals Council denied Plaintiff's request for review on December 7, 2017, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on February 7, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 57 years old at the alleged date of onset. AR 48, 301, 308. She has a high school education, a bachelor's degree, two associate degrees and several professional licenses. AR 48, 110-11. Plaintiff is able to communicate in English. AR 48, 333. Plaintiff has past work as a chemical dependency counselor. AR 48, 343.

\\

\\

\\

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from March 28, 2014, through the date of the ALJ's decision. AR 42, 50.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 28, 2014 (citing 20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.). AR 43.

**At step two**, the ALJ found Plaintiff had the following severe impairments: narcolepsy; depressive/affective disorder; and delusional disorder (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 43-44.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 44-45.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations: she can remember, understand, and carry out instructions for tasks generally required by occupations with a specific vocational preparation code of 1 to 4; and she can adjust to work place changes generally associated with occupations with a specific vocational preparation code of 1 to 4. AR 45-48.

The ALJ found that Plaintiff is unable to perform her past relevant work. AR 48.

**At step five**, the ALJ found, in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 49-50. These include industrial cleaner, kitchen helper, document preparer, assembler, cashier II, and cleaner housekeeper. AR 49.

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; and (2) improperly evaluating the medical opinion evidence.

## VII. Discussion

### A. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.*

Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 46. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 45-47.

First, the ALJ found that Plaintiff's allegations of completely disabling limitations are inconsistent with the overall medical record and her daily activities.

AR 44-45, 46-47. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff alleges completely debilitating mental limitations. However, the majority of the medical records and examination reports suggest she is not as limited as she has alleged. The medical record reflects little to no abnormality in mental function even without medication, including: normal memory, concentration, attention, thought processes, affect, and speech; she has no difficulty interacting with and getting along with others; and she is always alert. *E.g.*, AR 44-47, 435-36, 439-40, 443-44, 447, 453, 472, 485, 505, 508, 511, 530-31, 559, 565-66, 571, 574-75, 580, 583, 680, 685. Additionally, despite Plaintiff's

statement that her impairments made it impossible to perform common daily living tasks, multiple medical providers noted that Plaintiff had no issues with her activities of daily living, and her unhindered daily activities included walking her dog for over a mile, doing household chores, managing her finances, driving a car, shopping, use public transportation, interact with others and volunteer. AR 104, 113-15, 451, 540-41, 601, 618.

Next, the ALJ found a lack of motivation to work and inconsistencies regarding her ability to work. AR 46-47. An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039; s*ee also Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (upholding credibility finding where ALJ noted claimant's "well documented motivation to obtain social security benefits"). As the ALJ noted, Plaintiff stated to her examining psychologist that she did "not want to work again." AR 47, 450. Additionally, Plaintiff's mental health counselor noted that although Plaintiff was interested in decreasing the frequency or length of her counseling sessions, Plaintiff did not want to completely stop counseling treatment because she believed her mental health issues would "be recognized better from SSI than her physical needs" and felt "it would be more supportive of her SSI if she continue[d] in services." AR 602. Furthermore, in May 2014, Plaintiff began receiving unemployment benefits. AR 47, 113. To become eligible for

unemployment benefits, in Washington State, a claimant must attest under penalty of perjury to the Washington State Employment Security Department that there was no restriction on her availability for full-time work and that she is able to work, and available to work in any trade, occupation, profession, or business for which she is reasonably fitted. RCW 50.20.010(1)(c). Receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime when the claimant has held herself out as available for full-time work. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

Lastly, the ALJ noted that some of Plaintiff's conditions were well controlled with medication and Plaintiff was failing to treat some of her conditions. AR 46-47. Impairments that can be controlled with treatment are not disabling. *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Additionally, if a claimant's condition is not severe enough to motivate them to follow the prescribed course of treatment this is "powerful evidence" regarding the extent to which they are limited by the impairment. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). For example, the ALJ noted that Plaintiff's narcolepsy symptoms were controlled with treatment and that Plaintiff worked with that condition for years, which was inconsistent with her claims of debilitating symptoms. AR 46-47. The record supports the ALJ's finding as Plaintiff worked for many years despite her condition. AR 101 (Plaintiff was

treating her narcolepsy with medication for 12 years); 399 (Plaintiff was employed in her prior job from 2005 to 2014). Plaintiff's neurologist reported on multiple occasions that her condition was well-controlled with medication and that Plaintiff denied feeling tired or experiencing sudden exhaustion. AR 431-32, 435-36, 439-40, 443-44, 447-48. Other providers confirmed that Plaintiff's narcolepsy was controlled with medication. AR 560, 562, 574, 692. Furthermore, the ALJ noted that Plaintiff was not taking any medication for her allegedly debilitating depression symptoms, despite the evidence and her own statements that medication had effectively controlled her depression in the past, she had received good results with Effexor, and she acknowledged "that when she has been on medicine, her depression has lifted for several years at a time." AR 46, 450, 507, 513, 518, 562, 590, 593, 601, 616.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting

Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ properly weighed the medical opinion evidence.**

### a. Legal Standard.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

### a. Mark Duris, Ph.D. and R. A. Cline, Psy.D.

Dr. Duris is an examining psychologist who completed a psychological evaluation form for the Washington State Department of Social and Health Services in November 2014. AR 450-54. Dr. Duris opined that Plaintiff had marked impairments in four mental work areas and mild to moderate limitations in the remaining nine areas. AR 452. Dr. Duris further stated that Plaintiff's mental health and ability was within normal limits in every category. AR 453-54. Dr.

Cline is also an examining psychologist who completed a psychological evaluation form for the Washington State Department of Social and Health Services in November 2016. AR 540-47. Dr. Cline opined that Plaintiff had marked impairments in two mental work categories and Plaintiff had mild to moderate limitations in the remaining eleven areas and was moderately impaired overall, but that Plaintiff's mental health and ability was within normal limits in all but one category. AR 542-43, 571.

The ALJ assigned less weight to both of these opinions. AR 48. The ALJ provided multiple valid reasons for discounting these two opinions. *Id*. First, the ALJ noted that the brief opinions are inconsistent with the longitudinal treatment record, which neither doctor reviewed. *Id*. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Additionally, "an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Despite the opinions finding marked limitations in a few areas of mental functioning, the evidence of record, which neither doctor was able to review, consistently details normal, unremarkable, or benign findings. *See* AR 48. Indeed, the medical record reflects little to no abnormality in mental function even without medication, including: normal memory, concentration, attention,

thought processes, affect, and speech; she has no difficulty interacting with and getting along with others; and she is always alert. *E.g.*, AR 44-47, 435-36, 439-40, 443-44, 447, 453, 472, 485, 505, 508, 511, 530-31, 559, 565-66, 571, 574-75, 580, 583, 615, 680, 685.

Additionally, the ALJ noted that these two opinions are inconsistent with Plaintiff's largely intact daily activities. AR 48. Contrary to the opined limitations, multiple medical providers noted that Plaintiff had no issues with her activities of daily living, and her unhindered daily activities included walking her dog for over a mile, doing household chores, managing her finances, driving a car, shopping, use public transportation, interact with others and volunteer. AR 104, 113-15, 451, 540-41, 601, 618. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion

must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of the opinions from Dr. Duris and Dr. Cline.

### b. LaRae Born, M.S.

Ms. Born is a mental health counselor who opined that in June 2015 that Plaintiff is markedly or severely limited in numerous work-related tasks, including the ability to complete a normal workday and workweek without interruption from psychologically based symptoms. AR 530-32. The opinion testimony of Ms. Born falls under the category of "other sources," and the ALJ must give germane reasons for discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

The ALJ provided multiple reasons supported by the record for assigning little weight to this opinion. AR 48. First, the ALJ noted that Ms. Born's brief opinion did not include any evaluation and objective findings to support her opinion. AR 48. "[A]n ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216. Furthermore, check-box form statements may be given less weight when they are conclusory in nature and lack substantive medical findings to support them or they are inconsistent with the underlying medical records. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). Indeed, Ms. Born's opinion consists

only of a short check-box form lacking any supporting explanation or objective findings. AR 530-31.

Next, the ALJ found this opinion inconsistent with the longitudinal treatment record. AR 48. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Despite Ms. Born's opinion that Plaintiff had several marked and severe limitations with her understanding, memory, and ability to maintain concentration and persist in activities, AR 530-31, Plaintiff's objective psychological test results revealed that Plaintiff perfectly recalled three of three novel items and her ability to repeat six digits forward and four backward was above average. AR 571. Additionally, Plaintiff accurately completed serial additions and her concentration was fair throughout her completion of these tasks. *Id.* Other providers similarly found that Plaintiff's memory and concentration were intact and the medical record reflects little to no abnormality in mental function even without medication, including: normal memory, concentration, attention, thought processes, affect, and speech; she has no difficulty interacting with and getting along with others; and she is always alert. *E.g.*, AR 44-47, 435-36, 439-40, 443-44, 447, 454, 472, 485, 505, 508, 511, 530-31, 559, 565-66, 571, 574-75, 580, 583, 615, 680, 685.

1  Lastly, the ALJ stated that this opinion is inconsistent with Plaintiff's largely

2  intact daily activities. AR 48. As with the two previously addressed opinions,

3  contrary to the limitations opined to by Ms. Born, multiple medical providers noted

4  that Plaintiff had no issues with her activities of daily living, and her unhindered

5  daily activities included walking her dog for over a mile, doing household chores,

6  managing her finances, driving a car, shopping, use public transportation, interact

7  with others and volunteer. AR 104, 113-15, 451, 540-41, 601, 618. An ALJ may

8  properly reject an opinion that provides restrictions that appear inconsistent with

9  the claimant's level of activity. *Rollins*, 261 F.3d at 856.

10  When the ALJ presents a reasonable interpretation that is supported by the

11  evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853,

12  857. The Court "must uphold the ALJ's findings if they are supported by inferences

13  reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also*

14  *Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one

15  rational interpretation, one of which supports the ALJ's decision, the conclusion

16  must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of

17  Ms. Born's opinion.

18  \\

19  \\

20  \\

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 29th day of October, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge